UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PADEN EL BEY: TIFFANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS A. CANNON; LISA M. SCOTT; COLIN M. HARLOW; NV ENERGY,<br><br>　　　　Defendants. | Case No. 2:23-cv-00388-APG-EJY<br><br>**ORDER** |

　　Pro se plaintiff Paden El Bey: Tiffany filed an application to proceed in forma pauperis ("IFP") along with a document titled Complaint for a Civil Case. ECF Nos. 1, 1-2.

　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." As explained by *Harper v. San Diego City Admin. Bldg.*, Case No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016), the financial "affidavit must include a complete statement of the plaintiff's personal assets." The Ninth Circuit recognizes "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

　　An applicant need not be destitute to qualify for a waiver of costs and fees, but she must demonstrate that because of her poverty she cannot pay those costs and still provide herself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). Misrepresentation of assets is sufficient grounds, by itself, for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse,* 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28

U.S.C. § 1915(e)(2). If an individual is unable or unwilling to verify her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See*, *e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty.").

Here, Plaintiff's IFP application is, at best, incomplete. Plaintiff submitted the Short Form IFP application and states she makes no money, has no bills, has no property of any kind, has no dependents, and has no debts. There is reason to doubt the accuracy of Plaintiff's IFP application. An individual cannot live on zero dollars, which is what Plaintiff professes. Even if an applicant has no loan payments, gas, electric, food, and other necessities of life are not free.[1] In sum, the Court cannot determine if Plaintiff qualifies for *in forma pauperis* relief and, therefore, finds Plaintiff's IFP application must be denied.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has **one** opportunity to file a complete long form IFP application. The application **must** be filed no later than **April 7, 2023**. All questions must be answered. In response to question 11, which asks why Plaintiff cannot afford to pay the filing fee, Plaintiff must explain in detail how she pays her bills. Upon receipt of a completed IFP application that allows the Court to assess Plaintiff's ability to prepay the filing fees for commencing a civil action, the Court will issue an order or recommendation regarding how the case may proceed.

IT IS FURTHER ORDERED that the Court will retain, but not file Plaintiff's Complaint unless and until Plaintiff timely files a complete IFP application.

---

[1] Noting that many members of the Moorish sovereign citizen movement over affix "Bey" or "El" to their names as Plaintiff has done here. The Court addresses that because Plaintiff includes a reference to "UCC 1-308" in her signature line. ECF No. 1 at 2. This appears to reference some sort of reservation of rights and is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers. *Bey v. Mower Cty. HHS Office of Child Support*, Case No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2-3 (D. Minn. June 24, 2015).

1    IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the approved long form application to proceed *in forma pauperis* by a non prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, either by failing to submit the long form IFP application or failing to complete the form in its entirety, the Court will recommend this matter be dismissed in its entirety.

Dated this 16th day of March, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE